IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OWNERS INSURANCE COMPANY,

    Plaintiff,

v.

KEITH LACKEY, and
MISTY JAMES, individually, and as
parent and natural guardian of minor
child AIDEN JAMES.

    Defendants.

Civil Action
File No. _____

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW OWNERS INSURANCE COMPANY, Plaintiff in the above-styled matter, and files this Complaint for Declaratory Judgment, showing this Honorable Court as follows:

## PARTIES AND JURISDICTION

1.

Owners Insurance Company (hereinafter "Owners") is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business in Michigan.

2.

Defendant Keith Lackey, as a natural person who is a citizen of the United States, who is physically present in Georgia, who resides in Georgia, and who intends to make Georgia his home, is an individual citizen of the state of Georgia. Keith Lackey resides in Newton County, Georgia, and may be served at his residence located at 1600 Bryant Road, Oxford, Georgia 30054. Keith Lackey is subject to the jurisdiction and venue of this Court.

3.

Defendant Misty James, as a natural person who is a citizen of the United States, who is physically present in Georgia, who resides in Georgia, and who intends to make Georgia her home, is an individual citizen of the state of Georgia. Misty James resides in Newton County, Georgia, and may be served at her residence located at 200 Hopewell Church Road, Covington, Georgia 30014. Misty James is subject to the jurisdiction and venue of this Court.

4.

Defendant Aiden James, as a natural person who is a citizen of the United States, who is physically present in Georgia, who resides in Georgia, and who intends to make Georgia his home, is an individual citizen of the state of Georgia. Aiden James, a minor, resides with his mother, Misty James, in Newton County,

Georgia. Pursuant to Rule 4(g) of the Federal Rules of Civil Procedure and O.C.G.A.

§ 9-11-4(e)(3), Aiden James may be served personally and through his mother at her

residence located at 200 Hopewell Church Road, Covington, Georgia 30014. Aiden

James is subject to the jurisdiction and venue of this Court.

## JURISDICTION AND VENUE

### 5.

This Court has original jurisdiction over this action under the provisions of 28

U.S.C. § 1332 because this action is between citizens of different states and the

amount in controversy exceeds the sum of $75,000.00, exclusive of interest and

costs.

### 6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

### 7.

This is a complaint for declaratory judgment brought pursuant to Rule 57 of

the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and

other legal relations surrounding questions of actual controversy that presently exist

between Owners and Defendants.

8.

A controversy of a judicial nature presently exists among the parties which demands a declaration by this Court in order that Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

9.

Each named defendant herein has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities with a financial interest or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

## THE UNDERLYING CLAIMS AND LAWSUIT

10.

On February 15, 2018, Misty James, individually and as parent and natural guardian of her minor child, Aiden James, filed a lawsuit against Keith Lackey and Christopher Lackey in the Superior Court of Newton County, civil action no. 2018-CV-0287-5 ("Underlying Lawsuit"). A true and accurate copy of the complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit A**.

- 4 -

11.

In the Underlying Lawsuit, it is alleged that Misty James and her minor child, Aiden, were injured in an automobile accident when their vehicle was struck by a vehicle operated by Keith Lackey.

12.

In the Underlying Lawsuit, it is alleged that Misty James and Aiden James sustained bodily injuries and incurred property damage as a result of Keith Lackey's negligence.

13.

According to the Underlying Lawsuit, Keith Lackey's negligence is the sole and proximate cause of the injuries sustained by Misty James and Aiden James.

14.

In the Underlying Lawsuit, Misty James and Aiden James seek damages against Keith Lackey in an amount in excess of $75,000, exclusive of costs and interest.

15.

The Underlying Lawsuit was served upon Keith Lackey on February 20, 2018. A true and accurate copy of the proof of service is attached hereto as **Exhibit B**.

- 5 -

16.

Keith Lackey did not immediately or promptly forward the Underlying Lawsuit to Owners without delay.

17.

Keith Lackey did not provide prompt notice of the Underlying Lawsuit to Owners without delay.

18.

Keith Lackey never notified Owners of the Underlying Lawsuit.

19.

On the date of the accident, Keith Lackey was driving a 1995 Chevrolet G20 Van, VIN: 1GBEG25K1SF125861, that was owned by Christopher Lackey, a non-party to this action.

20.

On the date of the accident, Keith Lackey did not reside with Christopher Lackey.

21.

Keith Lackey did not have permission to drive the subject vehicle on the date of the accident.

22.

Prior to the accident, Christopher Lackey explicitly told Keith Lackey that he did not have permission to drive the subject vehicle.

## THE INSURANCE CONTRACT

23.

Owners issued an automobile insurance policy to Christopher A. Lackey, policy number 50-689-458-00, with an effective policy period from April 17, 2017, to April 17, 2018 (the "Policy"), subject to certain terms and conditions and applicable law. The vehicle that was being operated by Keith Lackey on the date of the incident is listed as Item 5 on the Declarations Page of the Policy. A true and accurate copy of the Policy is attached hereto as **Exhibit C**.

24.

Christopher Lackey is the only named insured identified on the Policy.

25.

Christopher Lackey is the only rated driver listed on the Policy.

26.

Defendants seek a defense and/or indemnity under the above-referenced insurance contract issued by Owners for the claims asserted against Keith Lackey in the Underlying Lawsuit.

- 7 -

27.

Without ever receiving notice of the Underlying Lawsuit from Keith Lackey, Owners issued a letter to Keith Lackey in which Owners provided notice of its reservation of rights to contest coverage for the claims asserted in the Underlying Lawsuit.

28.

Without ever receiving notice of the Underlying Lawsuit from Keith Lackey, Owners retained counsel to defend Keith Lackey in the Underlying Lawsuit subject to the complete reservation of rights.

29.

The contract of insurance issued by Owners to Christopher Lackey affords no coverage to Keith Lackey for the claims asserted against him in the Underlying Lawsuit and, therefore, Owners has no duty to defend or indemnify Keith Lackey in the Underlying Lawsuit.

30.

The Policy provides, in pertinent part, the following:

**SECTION II - LIABILITY COVERAGE**

**1. COVERAGE**

**a.  Liability Coverage – Bodily Injury and Property Damage**

**We** will pay damages for **bodily injury** and **property damage** for which **you** become legally responsible because of or arising out of the ownership, maintenance or use of **your automobile** (that is not a **trailer**) as an **automobile**. **We** will pay such damages:

(1) on **your** behalf;

(2) on behalf of any **relative** using **your automobile** (that is not a **trailer**);

(3) on behalf of any other person using **your automobile** (that is not a **trailer**) with **your** permission or that of a **relative**; and

(4) on behalf of any person or organization legally responsible for the use of **your automobile** (that is not a **trailer**) when used by **you**, a **relative**, or with **your** permission or that of a **relative**.

**We** will settle or defend, as **we** consider appropriate, any claim or **suit** for damages covered by this policy. **We** will do this at **our** expense, using attorneys of **our** choice. This agreement to settle or defend claims or **suits** ends when **we** have paid the limit of **our** liability.

(Automobile Insurance Policy Form 79001 (3-99), p. 2 of 13).

31.

The Policy contains the following definitions:

**1. Automobile** means a **private passenger automobile**, a truck, truck tractor, **trailer**, **farm implement** or other land motor vehicle.

**2. Bodily injury** means physical injury, sickness or disease sustained by a person including resulting death of that person.

**6. Occurrence** means an accident that results in **bodily injury** or **property damage** and includes, as one **occurrence**, all continuous or repeated

- 9 -

exposure to substantially the same generally harmful conditions.

8. **Property damage** means damage to or destruction of tangible property including resulting loss of use of that property.

9. **Relative** means a person who resides with **you** and who is related to **you** by blood, marriage or adoption. **Relative** includes a ward or foster child who resides with you.

10. **Suit** means a civil court proceeding in which damages because of **bodily injury** or **property damage** to which this insurance applies are alleged.

12. **You** or **your** means any named insured shown in the Declarations and if an individual, such individual named insured's spouse who resides in the same household.[1]

13. **Your automobile** means the **automobile** described in the Declarations.

14. **We**, **us** or **our** means the Company providing this insurance.

(Automobile Insurance Policy Form 79001 (3-99), pp. 1-2 of 13).

32.

The Policy contains an endorsement which, in pertinent part, amends the

Policy as follows:

It is agreed:

1. For this endorsement only, the definition of **you** or **your** is superseded by the following definition.

---

[1] This is the amended definition of "you" and "your" as set forth in the following endorsement to the Policy: Amendatory - You and Your Automobile Policy Form 89432 (4-09).

**You** or **your** means an individual shown as named insured in the Declarations and such person's spouse who resides in the same household.

2. **SECTION IV – INDIVIDUAL NAMED INSURED** is deleted and replaced by the following.

**SECTION IV - INDIVIDUAL NAMED INSURED**

The following extensions of coverage apply if a named insured shown in the Declarations is an individual and an **automobile** described in the Declarations is **a private passenger automobile**.

1. **LIABILITY COVERAGE - BODILY INJURY AND PROPERTY DAMAGE**

   a. The Liability Coverage provided for **your automobile** (that is not a **trailer**) also applies to an **automobile** (that is not a **trailer**) not:

      (1) owned by or furnished or available for regular use to **you** or anyone living with **you**. However, **we** will cover **your** liability for **your** use of an automobile (that is not a **trailer**) owned by or furnished for the regular use of a **relative**.

      (2) used in an **automobile** garage repair shop, sales agency, service station or public parking business **you** own or operate.

   b. We extend this coverage only:

      (1) to **you**;

      (2) to **relatives;**

         (a) who do not own an **automobile** (that is not a **trailer**); or

         (b) who own an **automobile** described in the Declarations;  and

- 11 -

(3) to anyone legally responsible for the use of the **automobile** (that is not a trailer) by the person in **b.(1)** and **b.(2)** above.

c. **We** do not cover:

(1) the owner of the **automobile** (that is not a trailer).

(2) an **automobile** used in the business or occupation of any named insured or that of a **relative**, unless it is:

(a) a **private passenger automobile**; and

(b) used by **you**, such **relative** or the chauffeur or household employee of either.

(3) **you** or a **relative** using an **automobile** (that is not a **trailer**) without a reasonable belief of permission to do so.

. . .

(Amendatory of Section IV – Individual Named Insured Form 89449 (4-10), p. 1 of 1).

33.

The Policy sets forth the following conditions:

**SECTION V - WHAT YOU MUST DO AFTER AN ACCIDENT OR LOSS**

**1.  NOTIFY US PROMPTLY**

**a.** **You** and any person seeking coverage under this policy must notify **us** promptly as to how, when and where the accident happened. **We** must have the names and

- 12 -

addresses of any injured person and of any witnesses. Notice and documentation of loss must be given if **we** require it. Any loss or damage caused by theft, larceny, robbery, pilferage or trickery must be promptly reported to the police.

**b.** If claim is made or **suit** is brought against **you** or any person entitled to coverage, **we** must be advised promptly. All papers in connection with claims or **suits** must be sent to **us** without delay.   …

## SECTION VI – GENERAL CONDITIONS

### 4.    LEGAL ACTION AGAINST US

**a.** No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. …

(Automobile Insurance Policy, 79001 (3-99), pp. 11-13 of 13).

## <u>COUNT I – NOTICE</u>

34.

Owners hereby realleges and incorporates paragraphs 1 through 33 of this Complaint as if set forth fully herein.

35.

The Policy requires Keith Lackey and any person seeking coverage under the Policy to comply with certain conditions precedent in the event of a claim or suit, as specifically outlined in Paragraph 33 above.

36.

The Underlying Lawsuit was served upon Keith Lackey on or about February 20, 2018.

37.

Keith Lackey did not immediately or promptly forward the Underlying Lawsuit to Owners without delay.

38.

Keith Lackey did not provide prompt notice of the Underlying Lawsuit to Owners without delay.

39.

Keith Lackey has never notified Owners of the Underlying Lawsuit at any point in time.

40.

By failing to immediately or promptly notify Owners of the Underlying Lawsuit, without delay, Keith Lackey breached the notice conditions set forth in the Policy.

41.

By failing to immediately or promptly send Owners all papers in connection with Underlying Lawsuit, without delay, Keith Lackey breached the notice conditions set forth in the Policy.

42.

By failing to send to Owners copies of the demands, notices, summonses, complaint and legal papers received in connection with the Underlying Lawsuit, Keith Lackey breached the notice conditions set forth in the Policy.

43.

Although Georgia law does not require Owners to show or prove prejudice caused by Keith Lackey's failure to provide timely notice of the Underlying Lawsuit, Owners has, in fact, been prejudiced by Keith Lackey's breach of the policy conditions because Keith Lackey is currently in default as to all claims asserted against him in the Underlying Lawsuit.

44.

Owners therefore has no duty to defend or indemnify Keith Lackey against the claims set forth in the Underlying Lawsuit because Keith Lackey breached the conditions precedent to coverage set forth in the Policy.

45.

Owners is entitled to a judgment declaring that Keith Lackey is afforded no coverage under the Policy due to Keith Lackey's breach of these conditions, and that Owners, therefore, has no duty to defend or indemnify Keith Lackey in the Underlying Lawsuit.

## COUNT II – NON-PERMISSIVE USE

46.

Owners hereby realleges and incorporates paragraphs 1 through 45 of this Complaint as if set forth fully herein.

47.

As specifically outlined in Paragraphs 30 and 32 above, the Policy only extends automobile liability insurance coverage to the named insured; an individual named insured's spouse who resides in the same household; a "relative" of the named insured, which is defined, in part, as "a person who resides with [the insured]"; persons operating an insured vehicle with the permission of the named insured or a "relative"; and where the insured automobile is used by the named insured, a "relative," or with the permission of the insured or that of a "relative" who is legally responsible for the use of the automobile.

48.

Keith Lackey is not a named insured on the Policy.

49.

At the time of the incident, Keith Lackey did not reside with Christopher Lackey, who is the only named insured identified on the Policy.

50.

At the time of the incident, Keith Lackey did not have permission to operate the insured vehicle from the named insured, Christopher Lackey, a spouse or "relative" of the named insured, or from anyone else with authority to grant permission under the terms of the Policy.

51.

Prior to the incident, Christopher Lackey explicitly told Keith Lackey that he did not have permission to operate the vehicle.

52.

At the time of the incident, Keith Lackey had no reasonable belief that he had permission to operate the vehicle for any reason.

53.

Owners has no duty to defend or indemnify Keith Lackey against the claims set forth in the Underlying Lawsuit because Keith Lackey did not have permission

to operate the insured vehicle at the time of the accident and did not otherwise qualify as an insured driver.

54.

Owners is entitled to a judgment declaring that Keith Lackey is afforded no coverage under the Policy due to the fact that Keith Lackey lacked permission to operate the insured vehicle and did not otherwise qualify as an insured driver, and that Owners, therefore, has no duty to defend or indemnify Keith Lackey in the Underlying Lawsuit.

## COUNT III – NO COVERAGE FOR PUNITIVE DAMAGES

55.

Owners hereby realleges and incorporates paragraphs 1 through 54 of this Complaint as if set forth fully herein.

56.

The Underlying Lawsuit seeks an award of punitive damages against Keith Lackey.

57.

The Policy affords no coverage for punitive damages sought from Keith Lackey because Keith Lackey is not afforded insurance coverage for the claims

- 18 -

asserted against him in the Underlying Lawsuit and, therefore, any punitive damages awarded against him are not in compensation for a covered injury.

58.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage for punitive damages sought against Keith Lackey in the Underlying Lawsuit.

**WHEREFORE**, Owners prays that this Court enter judgment that Owners has no duty to defend or indemnify Keith Lackey against the claims asserted against him in the Underlying Lawsuit; that this Court bind each and every named party herein by said judgment; that Owners be awarded costs in this action; and for further relief as this Court may deem just and appropriate.

This 4th day of December, 2018.

Respectfully submitted,

KENDALL LAW GROUP, LLC

| | |
|---|---|
| 3152 Golf Ridge Blvd., Suite 201 | /s/ Chad M. Brock |
| Douglasville, Georgia 30135 | Michael C. Kendall |
| Telephone:  (770) 577-3559 | Georgia Bar No. 414030 |
| Facsimile:   (770) 577-8113 | Chad M. Brock |
| mckendall@kendall-lawgroup.com | Georgia Bar No. 357719 |
| cmbrock@kendall-lawgroup.com | *Attorneys for Plaintiff* |

- 19 -